IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIZABETH A. FILER, WARREN NIGH, individually, and on behalf of all others similarly situated,<br><br><br>      Plaintiffs,<br><br>      v.<br><br>PACE AMERICAN ENTERPRISES, INC., PACE AMERICAN INTERMEDIATE HOLDING CORP., PACE AMERICAN HOLDING CORP., SUN PACE AMERICAN, LP, SUN CAPITAL PARTNERS, V, L.P., and SUN CAPITAL PARTNERS, INC.<br><br>      Defendants. | CASE NO:<br>3:12 CV 582 |

## AMENDED MOTION FOR CONDITIONAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

The Plaintiffs respectfully move the Court to enter an Order conditionally approving the Amended Class Action Settlement Agreement and Release entered into between the parties.  In support of this Amended Motion, the Plaintiffs submit herewith the proposed Amended Class Action Settlement Agreement and Release, affidavit of counsel and Memorandum in Support of Amended Motion for Conditional Approval of Settlement Agreement and Release.  In further support, the Plaintiffs show and submit to the Court that:

1.      The Parties have entered into the Amended Class Action Settlement Agreement and Release for full settlement and release of all claims against the Defendants who have appeared herein, *viz.*: Sun Pace American, LP; Sun Capital Partners V, L.P.; and Sun Capital

Partners, Inc. (collectively "Sun Capital Defendants").  A copy of the Amended Class Action Settlement Agreement and Release is attached hereto as Exhibit A.

2.    The Amended Class Action Settlement Agreement and Release is lawful, fair, reasonable, and adequate.

3.    The Plaintiffs' request for attorneys' fees and costs in the total sum of $61,792.33, representing one-third of the common fund created for the benefit of the class plus unreimbursed costs actually advanced or to be incurred is reasonable and supported by the record.

4.    Counsel for all parties agree that the Amended Class Action Settlement Agreement and Release represents a fair and reasonable compromise settlement and resolution of the Plaintiffs' claims.

5.    The exhibits to the Amended Class Action Settlement Agreement and Release are being revised in accordance with the revisions to the attached Amended Class Action Settlement Agreement and Release and will promptly be filed with the Court upon completion.

WHEREFORE, Plaintiffs respectfully request that the Court conditionally approve the Amended Class Action Settlement Agreement and Release attached as Exhibit A, approve the Notice and procedure outlined therein, set a date by which objections to the Agreement must be filed with the Court and a date for a fairness hearing in this matter consistent with Fed. R. Civ. P. 23(e).


SANDERS • PIANOWSKI, LLP
300 Riverwalk Drive
Elkhart, IN  46516
Telephone: (574) 294-1499
Facsimile: (574) 294-7277

/s/ Robert T. Sanders III
Robert T. Sanders III
Attorney Number 9-20-
*rsanders@riverwalklaw.com*

Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: David R. Pruitt at <u>david.pruitt@btlaw.com</u> and Gerald F. Lutkus at <u>gerald.lutkus@btlaw.com</u>; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

> Pace American Enterprises, Inc.
> c/o Rebecca Hoyt Fischer
> 401 E. Colfax Ave., Ste. 305
> South Bend, IN  46617

<u>/s/ Robert T. Sanders III</u>
Robert T. Sanders III

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ELIZABETH A. FILER, WARREN NIGH, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>PACE AMERICAN ENTERPRISES, INC., PACE AMERICAN INTERMEDIATE HOLDING CORP., PACE AMERICAN HOLDING CORP., SUN PACE AMERICAN, LP, SUN CAPITAL PARTNERS, V, L.P., and SUN CAPITAL PARTNERS, INC.<br><br>      Defendants. | CASE NO: 3:12 CV 582 |

## AMENDED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Amended Class Action Settlement Agreement, dated as of May 27, 2016 (the "Settlement Agreement" or "Agreement"), is made and entered into by and between the following parties to the above captioned matter (the "Action"): (i) Elizabeth A. Filer and Warren Nigh (the "Class Representatives" or "Plaintiffs") on behalf of themselves and each of the Class Members (as hereinafter defined), by and through their counsel of record and (ii) Defendants Sun Pace American, LP, Sun Capital Partners, V, L.P. and Sun Capital Partners, Inc. (collectively the "Sun Defendants").   Plaintiffs, Class Members and the Sun Defendants, are collectively referred to herein as the "Parties."   By entering into this Settlement Agreement, the Parties, including all Class Members, intend to fully, finally and forever release, resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.



EXHIBIT

*A*

# I.    RECITALS

This Agreement is made with reference to the following facts:

A.    Plaintiffs filed this action in the United States District Court for the Northern District of Indiana (the "Court") on October 10, 2012.  Plaintiffs are former employees of Pace American Enterprises, Inc. ("Pace American").  Pace American was adjudicated bankrupt in the United States Bankruptcy Court for the Northern District of Indiana and is not a party to this Settlement Agreement.

B.    Plaintiffs filed their complaint as a putative class action on behalf of themselves and all similarly situated persons whose employment was terminated without cause on or before September 2, 2011, as a result of Pace American plant closings.  Plaintiffs contend that the Sun Defendants violated the Worker Adjustment and Retraining Act ("WARN"), 29 U.S.C. § 2101, *et seq.*, by failing to provide 60 days' notice of their termination.

C.    The Court subsequently certified a class comprised of all former employees of Pace American who worked at or reported to its plants at Middlebury, Indiana and Fitzgerald, Georgia and were terminated without cause on or around September 2, 2011 (individually "Class Member," collectively "Class Members").  Notice to the class was approved by the Court and mailed to the last known addresses of all Class Members.

D.    The parties engaged in extensive investigation and discovery, including depositions of the Plaintiffs, production of documents, and procurement of personnel, payroll and other employment records of all potential Class Members.

E.    The Sun Defendants believe that the claims asserted in the Action are without merit and deny each of Plaintiffs' claims and contentions.  The Sun Defendants have denied and continue to deny that they committed any violation of law or engaged in any of the wrongful acts

2

alleged in the Action. Nonetheless, the Sun Defendants are prepared to enter into this Settlement Agreement solely because the proposed settlement will eliminate the burden, expense, and uncertainty of further litigation. The Sun Defendants have, therefore, determined that it is desirable and beneficial to them that the action be settled in the manner and upon the terms and conditions set forth in this Agreement.

F.       Plaintiffs believe that their claims have merit. Plaintiffs recognize and acknowledge, however, the expense and length of continued proceedings to prosecute the Action through trial and appeal. Plaintiffs have also taken into account the uncertain outcome and the risk of litigation. Plaintiffs' counsel have made a thorough investigation of the facts and believe that the settlement set forth in this Agreement would confer substantial benefits upon and is in the best interests of the Plaintiffs and Class Members.

G.       The parties agree that the Settlement is fair, reasonable and adequate because it provides significant benefits to the Class Members, is in the best interests of the Class Members, and fairly resolves the claims alleged.

## II.   **TERMS AND CONDITIONS**

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised and dismissed on the merits with prejudice as to all claims against the Sun Defendants, subject to the approval of the Court on the following terms and conditions.

3

## A.   Definitions

The following terms used in this Agreement mean:

1.   "Action" means the above-captioned action, filed on October 10, 2012 in the United States District Court for the Northern District of Indiana.

2.   "Approved Disbursements" means the total amount of Five Thousand Dollars that will be disbursed from the Settlement Fund and paid to the Class Representatives for their services on behalf of the Class, which said Approved Disbursements shall be disbursed as follows:  (a) Two Thousand Five Hundred Dollars ($2,500.00) to Elizabeth A. Filer, and (b) Two Thousand Five Hundred Dollars ($2,500.00) to Warren Nigh.

3.   "Bankruptcy Proceedings" means the Involuntary Petition for Bankruptcy filed against Pace American on August 31, 2011 in the United States Bankruptcy Court for the Northern District of Indiana as Case No. 11-33416.

4.   "Class" or "Settlement Class" means all former employees of Pace American who worked at or reported to its plants at Middlebury, Indiana and Fitzgerald, Georgia who were terminated without cause on or around September 2, 2011, and who are specifically identified in the List of Class Members that is attached hereto, incorporated herein by reference, and designated as Ex. A.

5.   "Class Counsel" means the law firm of Sanders Pianowski, LLP, 300 Riverwalk Drive, Elkhart, Indiana, 46516.

6.   "Class Member" or "Settlement Class Member" means each member of the Settlement Class who does not timely elect to be excluded from the Settlement Class.

7.   "Class Representatives" mean Plaintiffs Elizabeth A. Filer and Warren Nigh.

4

8.     "Conditional Approval Order" means the order for which the Parties shall jointly apply to the Court, requesting preliminary approval of the Settlement substantially in the form attached hereto as Ex. B.

9.     "Effective Date" means the first day on which all of the following are true: (a) the Court has entered the Order and Final Judgment approving this Agreement under Fed. R. Civ. P. 23(e) and dismissing the Action against the Sun Defendants, on the merits and with prejudice, as to all Settlement Class Members; (b) the Settlement Amount has been deposited with the Settlement Escrow Agent, for the purpose of funding the Settlement Fund and enabling the Settlement Escrow Agent to disburse the Settlement Amount, less the amount of the Approved Disbursements and the amount of the Fee and Expense Award, to the Settlement Class, in consummation of the Settlement and in furtherance of the Order and Final Judgment; and (c) the time for appeal or to seek permission to appeal from the Order and Final Judgment has expired, or the Order and Final Judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

10.     "Execution Date" means the last date on which this Agreement is signed by a party hereto and is the first date written above.

11.     "Fee and Expense Application" means the application that Class Counsel may submit for distribution from the Settlement Fund of an award of attorneys' fees and expenses incurred in connection with prosecuting the Action, substantially in the form attached hereto as Ex. C.

12.     "Fee and Expense Award" means the award that the Court may grant in connection with the Fee and Expense Application.

13.     "Notice" means the Notice of Class Action Settlement to be approved by the Court and provided to Class Members, containing the general terms of the Settlement, the general terms of the Fee and Expense Application and the date of the Fairness Hearing, substantially in the form attached hereto as Ex. D.

14.     "Order and Final Judgment" means that order and final judgment to be entered by the Court in the Action, finally approving this Agreement and the Settlement under Fed. R. Civ. P. 23(e) and dismissing the Action against the Sun Defendants, on the merits and with prejudice, as to all Settlement Class Members, substantially in the form attached hereto as Ex. E.

15.     "Released Claims" means and includes any and all claims, causes of action, demands, rights or liabilities of whatever kind or nature, whether sounding in law or in equity, including both known and Unknown Claims, as defined herein, and including but not limited to alleged violations of the WARN Act that have been or could have been asserted in the Action or in any other forum by or on behalf of Plaintiffs, the Settlement Class, or any Member of the Settlement Class or against any of the Defendants or Releasees, based on, arising out of, related to, or in any way connected with the subject matter referred to or alleged in the Action.

16.     "Releasees" means and refers individually and collectively to the Sun Defendants and/or their current or former subsidiaries, parents, successors, affiliates, assignees, and/or personal representatives, and any and all of each of their current and/or former employees, agents, attorneys, officers, directors, shareholders, partners, consultants, advisors or members.

17.     "Releasors" shall refer jointly and severally and individually and collectively to: (1) the Class Representatives, and their respective past and present parents, attorneys, subsidiaries, affiliates, agents, heirs, executors, administrators, guardians, successors

6

and assigns; (2) the Class Members and their respective past and present parents, attorneys, subsidiaries, affiliates, agents, heirs, executors, administrators, guardians, successors and assigns; and (3) Class Counsel.

18.   "Settlement" means the settlement of the Action described in this Agreement and subject to the terms and conditions set forth herein.

19.   "Settlement Amount" means the sum of $175,000 inclusive of attorneys' fees and costs.

20.   "Settlement Escrow Agent" means Sanders Pianowski, LLP, 300 Riverwalk Drive, Elkhart, IN 46516, who has been or is being retained to carry out the duties of the Settlement Escrow Agent specified in this Agreement, including but not limited to administration of the Settlement Fund. For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" shall be the Settlement Escrow Agent. The Settlement Escrow Agent shall timely and properly file any tax returns necessary with respect to the Settlement Fund. Such returns shall reflect that any and all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

21.   "Settlement Fund" means the interest-bearing account established by order of the Court and maintained under the Court's jurisdiction as a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1, as amended, for the purpose of conserving and protecting the Settlement Amount, and any interest earned thereon, through and until distribution as directed by the Court.

22.   "Unknown Claims" means and includes any and all Released Claims which Plaintiffs or any member of the Settlement Class does not know or suspect exists in his or her favor at the time of their release of the Releasees, which if known by him or her might have

7

affected his or her decisions(s) with respect to the settlement.  With respect to any and all such Unknown Claims, the Parties agree that, upon the Effective Date, Plaintiffs shall expressly, and each Member of the Settlement Class shall be deemed, by operation of this Agreement, and the Order and Final Judgment of the Court approving this settlement, to have expressly waived any and all provisions, rights and benefits conferred by any law of the United States, or of any state or territory of the United States, or principle of common law. The Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

The Parties acknowledge and the Members of the Settlement Class are deemed to acknowledge that inclusion of Unknown Claims within the definition and scope of Released Claims has been a separately bargained for and key element of the settlement.

23.     The "Sun Defendants" means Sun Pace American, LP, Sun Capital Partners, V, L.P., Sun Capital Partners, Inc. and each of their respective affiliates.

**B.     The Settlement**

24.     Promptly after execution of this Agreement, Class Counsel will submit the Agreement, together with its exhibits, to the Court and will request that the Court issue a Conditional Approval Order substantially in the form set forth in Ex. B.  Such Order shall preliminarily approve this Settlement, order that Notice be disseminated to the Settlement Class

substantially in the form set forth in Ex. D, and set a date and time for the Fairness Hearing. The Parties will request that the Court schedule the Fairness Hearing on a date: (a) after Class Members have received notice; and (b) after the time to object to the Settlement has expired. The Parties will request that the Court enter Judgment at the Fairness Hearing.

25.     Class Counsel will mail copies of the Notice to each Class Member within seven (7) days after entry of the Conditional Approval Order. Class Counsel shall file a report of the mailing of the Notice with the Court and serve a copy of the Notice on Sun Defendants' counsel.  Class Members will have 30 days from the date of the mailing of the Notice to file objections with the Court or to opt out of the Settlement Agreement.

26.     Within ten (10) days after entry of the Conditional Approval Order, the Settlement Escrow Agent shall establish, at a federally-insured financial institution, an interest-bearing Settlement Fund Account and provide counsel for the Sun Defendants with wire instructions and a taxpayer identification number for the Settlement Fund Account.

27.     In consideration of this Settlement Agreement, the Sun Defendants have agreed to pay the aggregate sum of One Hundred and Seventy-Five Thousand Dollars ($175,000), inclusive of attorneys' fees and costs. The Sun Defendants will cause the Settlement Amount to be deposited into the Settlement Fund Account within ten (10) days following the entry of the Conditional Approval Order.

28.     Upon the Effective Date, the Class Representatives, the Lead Plaintiffs, each of the Class Members (other than those persons who have timely and validly requested exclusion from the Class), and each of the Releasors, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Sun Defendants and each of the Releasees.  Upon the

9

Effective Date, all Class Members (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by the Releases set forth in this Settlement Agreement and in the Order and Final Judgment.  Upon the Effective Date, all Class Members and all Releasors, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, or other forum, asserting the Released Claims against Sun Defendants and/or Releasees.

29.     As compensation for their services on behalf of the Class, the Class Representatives shall be paid and receive the Approved Disbursements.

30.     Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees, costs and expenses incurred in this Action including, but not limited to, attorneys' fees, costs and expenses.  Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiffs and Class Counsel shall move for, and Defendants shall not oppose, the Court's approval of the payment of attorneys' fees, costs, expenses, and the Approved Disbursements, in the aggregate amount of $66,792.33, to be paid from the Settlement Fund.

31.     Subject to the Court's approval, the Parties have agreed to allocate the Settlement Amount as follows:

| | |
|---|---|
| Attorneys' Fees | $     $58,333.33 |
| Costs | $     $3,459.00 |
| Approved Disbursements | $     $5,000.00 |
| Balance for pro-rata distribution | $     $108,207.67 |

Each Class Member will receive a gross recovery of approximately 13.773% of the unpaid balance of their possible recovery under WARN for 44 working days – which said unpaid balance shall be determined on an individual basis by calculating the difference between the Class Members' total possible recovery under WARN for 44 working days and the total amount

of distributions that the Class Members received on account of their WARN claims in the Bankruptcy Proceedings – together with any paid and unreimbursed medical expenses. Each Class Member's recovery will vary depending on his or her applicable wage rate at the time of the plant closings.

32.     In the event that any disbursement of settlement funds to an eligible class member is returned as undeliverable or otherwise unclaimed by the eligible class member, or in the event that any amounts remain in the Settlement Fund after distribution of the Settlement Amount by the Settlement Escrow Agent in accordance with paragraph 31 above, all such residual funds shall be disbursed to the office of the Attorney General of Indiana for processing under Indiana Code § 32-34-1-1, *et seq.* (on behalf of claimants who were employed at Pace American's Indiana plant); and to the Georgia Department of Revenue, Unclaimed Property Program, for processing under Ga. Code § 44-12-190, *et seq.* (on behalf of claimants who were employed at Pace American's Georgia plant).

33.     This is not a claims-made settlement and the Sun Defendants will have no ability to recapture any of the Class Settlement Amount, unless the Settlement does not become effective for any reason, including but not limited to the provisions of Paragraph 34. Following the Sun Defendants' deposit of the Settlement Amount into the Settlement Fund Account, the Sun Defendants shall have no responsibility for or incur any liability with respect to the management, investment, or fluctuations in the value of the Settlement Fund Account.

34.     The Sun Defendants shall have the option to terminate the Settlement in the event that 10% of Class Members or Class Members with potential claims totaling more than $25,000 choose to exclude themselves from the Class.

35.     Unless otherwise ordered by the Court, in the event the Settlement shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by Sun Defendants' counsel to the Settlement Escrow Agent, the Settlement Fund Account (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to the terms of this Settlement Agreement shall be refunded by the Settlement Escrow Agent to the Sun Defendants pursuant to written instructions from counsel for the Sun Defendants.

36.     In the event that the Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective according to its terms, the Parties shall be restored to their respective positions in the Action as of the day prior to the Effective Date of the Settlement Agreement.  In such event, the terms and provisions of the Settlement Agreement, except as provided herein, shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

## C.     Miscellaneous Provisions

37.     Plaintiffs expressly agree and Class Members are deemed to have agreed that he or she will not provide information, issue statements, or take any action, directly or indirectly, that would cause the Sun Defendants embarrassment or humiliation or otherwise cause or contribute to the Sun Defendants being held in disrepute or otherwise subject the Sun Defendants to increased potential legal liability.

38.     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement and (b) agree to cooperate to the extent reasonably necessary to effectuate

and implement the terms and conditions of this Settlement Agreement and exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. Class Counsel and counsel for the Sun Defendants agree to cooperate with one another in seeking Court approval of the Conditional Approval Order, the Settlement Agreement, and the Order and Final Judgment, and to promptly agree upon and execute other documents as may be reasonably required to obtain final approval of the Settlement.

39.     The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and will not be deemed an admission by any party as to the merits of any claim or defense.  The Parties agree that the consideration provided to the Settlement Class and the other terms of this Agreement were negotiated at arm's length and in good faith, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

40.     Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Releasee; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Any Releasee may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13

41.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information will survive this Agreement.

42.     Any and all exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

43.     This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Following entry of the Order and Final Judgment, the Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approved by the Court.

44.     This Agreement and any exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Parties will bear their own respective costs.

45.     Each counsel or other Person executing this Agreement or any of its exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

46.     This Agreement may be executed in one or more counterparts.   All executed counterparts, and each of them, will be deemed to be one and the same instrument.  A complete set of original counterparts will be filed with the Court.

47.     The Court shall retain continuing and exclusive jurisdiction over the Parties and all Settlement Class Members, and over the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of this Agreement must be made by motion to the Court.

14

48.     The Parties agree that the Sun Defendants are in no way liable for any taxes Class Counsel, the Representative Plaintiffs, Settlement Class Members, or others may be required to pay as a result of the receipt of any benefits or monies under this Agreement.

49.     None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

50.     This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Indiana without giving effect to that State's choice-of-law principles.


IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized agents or attorneys, dated May 27, 2016.


**[SIGNATURES ON NEXT PAGE]**

15

**AGREED TO BY:**

**PLAINTIFF ELIZABETH A. FILER,** individually and on behalf of the Class Members,

Dated: May **27**, 2016

_____

**PLAINTIFF WARREN NIGH,** individually and on behalf of the Class Members,

Dated: May ___, 2016

_____

**Sun Pace American L.P.**

By:  Sun Holdings V, LLC
Its:  General Partner

Dated: May ___, 2016

By: _____
Printed:_____
Its:_____

**Sun Capital Partners V, L.P.**

By: Sun Capital Advisors V, L.P.
Its: General Partner

By: Sun Capital Partners V, Ltd.
Its:  General Partner

Dated: May ___, 2016

By: _____
Printed:_____
Its:_____

**Sun Capital Partners, Inc.**

Dated: May ___, 2016

By: _____
Printed:_____
Its:_____

16

**AGREED TO BY:**

**PLAINTIFF ELIZABETH A. FILER,** individually and on behalf of the Class Members,

Dated: May ____, 2016

_____

**PLAINTIFF WARREN NIGH,** individually and on behalf of the Class Members,

Dated: May 27, 2016

_____

**Sun Pace American L.P.**

By: Sun Holdings V, LLC
Its: General Partner

Dated: May ____, 2016

By: _____
Printed:_____
Its: _____

**Sun Capital Partners V, L.P.**

By: Sun Capital Advisors V, L.P.
Its: General Partner

By: Sun Capital Partners V, Ltd.
Its: General Partner

Dated: May ____, 2016

By: _____
Printed:_____
Its: _____

**Sun Capital Partners, Inc.**

Dated: May ____, 2016

By: _____
Printed:_____
Its: _____

16

AGREED TO BY:

**PLAINTIFF ELIZABETH A. FILER,** individually and on behalf of the Class Members,

Dated: May ____, 2016

_____

**PLAINTIFF WARREN NIGH,** individually and on behalf of the Class Members,

Dated: May ____, 2016

_____

**Sun Pace American L.P.**

By: Sun Holdings V, LLC
Its: General Partner

Dated: May 27, 2016

By: _____
Printed: Michael McConvery
Its: Vice President & Assistant Secretary

**Sun Capital Partners V, L.P.**

By: Sun Capital Advisors V, L.P.
Its: General Partner

By: Sun Capital Partners V, Ltd.
Its: General Partner

Dated: May 27, 2016

By: _____
Printed: Michael McConvery
Its: Vice President & Assistant Secretary

**Sun Capital Partners, Inc.**

Dated: May 27, 2016

By: _____
Printed: Michael McConvery
Its: Vice President & Assistant Secretary

16